IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

OLIVER PAYNE                                                                        PLAINTIFF

VS.                             CIVIL ACTION NO. 5:02-CV-131-JCS

DOLAN WALLER, ET AL.                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

      The Court previously entered a Memorandum Opinion and Order in this matter dismissing fifteen of Plaintiff's sixteen claims, and withholding judgment on the final claim in this case founded upon 42 U.S.C. § 1983. The parties have consented to have a United States Magistrate Judge conduct any an all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference. 28 U.S.C. 636(c); Fed. R. Civ. P. 73. Payne is proceeding in this matter *in forma pauperis*. 28 U.S.C. § 1915(e). For the reasons which follow, the Plaintiff's final claim is dismissed with prejudice, and this entire action is dismissed.[1]

      The Plaintiff alleges in his remaining claim that the Defendants denied him the free exercise of his Rastafarian religion by not allowing him to wear dread locks and by enforcing the M.D.O.C. policy of hair being three inches long or less. He has exhausted his administrative remedies as to this hair length claim. Pursuant to a request by the Court, the Defendants provided the M.D.O.C. policy regarding hair length to the Court. According to the M.D.O.C. Inmate Handbook, revised December 2001, the policy regarding hair and beard length states, as follows:

---

[1] The Court finds that this dismissal should be with prejudice because the Plaintiff was given an opportunity to expound upon his claims at the Spears hearing, but did not assert any facts which would support an arguable claim. See Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993).

>Male Offender's hair will be kept clean and neatly cut so the hair does not fall below the collar and is not longer than three (3) inches in length. No braids, packing of hair, or curls will be allowed. Mustaches will be neatly trimmed at all times. Beards and goatees in excess of one half inch are not permitted for identification purposes.

M.D.O.C. Inmate Handbook, Chapter VI, Section (IV)(D)(1).

The Fifth Circuit evaluated the M.D.O.C.'s policy on hair length when it considered Scott v. Mississippi Dep't of Corrections, 961 F.2d 77 (5th Cir. 1992). In Scott, the Fifth Circuit considered the impact of the policy, as it existed in 1992[2], on Scott and fellow plaintiffs who practiced the Rastafarian religion, and who claimed that forcible cutting of their hair by M.D.O.C. officials was an "unconstitutional violation of their free exercise of religion." Scott, 961 F.2d at 79. Evaluting the policy pursuant to Turner v. Safley, 482 U.S. 78 (1987), and O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987), the Court found that the "MDOC's hair-grooming regulation does not violate the free exercise clause of the First Amendment." Scott, 961 F.2d at 80. Furthermore, although the policy, as it existed at that time, did not specifically prohibit dread locks, the Court interpreted the policy to prohibit dread locks and upheld the prohibition. See Scott, 961 F.2d at 81. Likewise, based on Scott, the policy presented in this case does not violate the free exercise clause. Although it differs slightly from the version evaluated by the Fifth Circuit in Scott, it is the same in substance: the prohibition against hair longer than 3 inches remains intact, and this provision prohibits dread locks. Accordingly, the

---

>[2]The M.D.O.C. policy evaluated by the Fifth Circuit in Scott provided that Hair (male offenders) will be kept clean and neatly cut so the hair does not fall below the collar and is not longer than 3 inches in length. Sideburns will be trimmed even with, and not extend below the edge of the ear. Mustaches will be neatly trimmed at all times. Beards and goatees are not permitted for identification purposes.

Scott, 961 F.2d at 78 (quoting the Mississippi Department of Corrections, *Rules and Regulations Inmate Handbook*, Section III, Rule 6-6).

Plaintiff's allegations fail to state a constitutional claim, and this claim should be dismissed with prejudice.  Based on this conclusion and the previous Memorandum Opinion and Order addressing claims two to sixteen of the Plaintiff's complaint, it follows, therefore, that this case should be dismissed with prejudice.  A separate judgment will be entered pursuant to Fed. R. Civ. P. 58.

      SO ORDERED, this the     23     day of    August            , 2005.

                                             s/ James C. Sumner
                                         UNITED STATES MAGISTRATE JUDGE